# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                 Page 2
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts |
|---|---|

| Name (under which you were convicted):  Bryan R. Johnston | Docket or Case No.: |
|---|---|

| Place of Confinement :  Old Colony Correctional Center | Prisoner No.:  W87562 |
|---|---|

| Petitioner (include the name under which you were convicted)  Bryan R. Johnston | Respondent (authorized person having custody of petitioner)  Lisa A. Mitchell |
|---|---|

v.

| The Attorney General of the State of: Massachusetts |
|---|

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Hampshire Superior Court, P.O. Box 1119, 15 Gothic Street, Northampton, MA 01061

     (b) Criminal docket or case number (if you know):   HSCR2005-00025-28

2.    (a) Date of the judgment of conviction (if you know):   04/28/2006

     (b) Date of sentencing:   05/02/2006

3.    Length of sentence:   Natural life. Consecutive term 20-30 years. Two lesser sentences concurrent.

4.    In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes     ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

     (1) murder, (2) use of a large capacity firearm in commission or attempted commission of a felony,

     (3) possession of a large capacity firearm without a license, and (4), armed burglary.

6.    (a) What was your plea? (Check one)

      ☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

      ☐ (2)   Guilty             ☑ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   n/a

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☑ Jury     ❑ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ❑ Yes     ☑ No

8.     Did you appeal from the judgment of conviction?

     ☑ Yes     ❑ No

9.     If you did appeal, answer the following:

(a) Name of court:   Supreme Judicial Court

(b) Docket or case number (if you know):   SJC-09919

(c) Result:   Conviction affirmed

(d) Date of result (if you know):   04/08/2014

(e) Citation to the case (if you know):   Commonwealth v. Johnston, 467 Mass. 674 (2014)

(f) Grounds raised:   (1) Erroneous instruction on consequences of insanity verdict, (2) erroneous instruction on post-verdict commitment procedure, (3) erroneous instruction regarding intoxication and insanity, (4) ineffective assistance in failing to object to refusal evidence re field sobriety tests (5) ineffective assistance in failing to move to suppress post-Miranda invocation statements, (6) ineffective assistance in failing to move to exclude references to Johnston's invocations of right to silence and to counsel, (7) ineffective assistance in failing to object to prosecutor's argument that Johnston's insanity defense was "constructed" (8) prosecution expert's references to (see attached for additional grounds raised on direct appeal)

(g) Did you seek further review by a higher state court?     ❑ Yes     ☑ No

      If yes, answer the following:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Result: _____

_____

      (4) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   Hampshire Superior Court

(2) Docket or case number (if you know):   HSCR2005-00025-28

(3) Date of filing (if you know):   02/22/2011

(4) Nature of the proceeding:   Motion for New Trial (Mass. R. Crim. P. 30(b))

(5) Grounds raised:   (1) Ineffective assistance in failing to object to refusal evidence regarding

field sobriety tests, (2) ineffective assistance in failing to move to exclude evidence of

evidence that Johnson refused to speak, on counsel's advice, to correctional officers,

doctors, and nurses at the House of Correction and at Bridgewater State Hospital, (3)

unfair use of "Lamb" warnings as evidence of sanity, (4) the prosecution expert testified

that he had requested and been refaccess to evidence that was plainly in the Johnston's

control But Johnston had the constitutional right to refuse Welner's requests. Welner's

testimony impinged upon Johnston's right to remain silent, (5) erroneous exclusion of

Johnston's descriptions of his hallucinations, (6) erroneous exclusion of Johnston's

descriptions of his delusions

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Motion denied.

(8) Date of result (if you know):   06/28/2012

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   Hampshire Superior Court

    (2) Docket or case number (if you know):   HSCR2005-00025-28

    (3) Date of filing (if you know):   06/15/2015

    (4) Nature of the proceeding:   Motion to Reduce Verdict (Mass. R. Crim. P. 25(b))

    (5) Grounds raised:   The verdict, particularly that Johnston was criminally responsible, was

against the weight of the evidence.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes   ☑ No

    (7) Result:   Pending

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   n/a

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes        ❑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☑ Yes        ❑ No

(2) Second petition:   ❑ Yes        ☑ No

(3) Third petition:     ❑ Yes        ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Mass. R. Crim. P. 25(b) motion remains pending

_____

12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   Ineffective assistance in failing to move to suppress Johnston's post-Miranda responses

to questioning at the jail and at Bridgewater State Hospital.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Upon being arrested, Johnston was Mirandized. Thereafter, he repeatedly invoked his right to counsel

(and to silence). He did so at booking and during multiple interactions with jail and hospital staff. They

continued to question him. His responses were used against him to prove his criminal responsibility.

Johnston's trial counsel did not object or move to suppress.

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:   Exhausted

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for new trial (Mass. R. Crim. P. 30(b)

Name and location of the court where the motion or petition was filed:    Hampshire Superior Court

Northampton, MA

Docket or case number (if you know):    HSCR2005-00025-28

Date of the court's decision:    06/28/2012

Result (attach a copy of the court's opinion or order, if available):    (attached)

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Supreme Judicial Court. Boston, MA

_____

Docket or case number (if you know):    SJC-09919

Date of the court's decision:    04/08/2014

Result (attach a copy of the court's opinion or order, if available):    (attached)

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: _____

_____

_____

 

**GROUND TWO:**     Ineffective assistance in failing to move to exclude references to Johnston's
invocations of his rights to silence and to counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Same facts as Ground One. Counsel failed to move to exclude inadmissible references to Johnston's post-
Miranda requests for counsel and his invocations of his right to silence. The jury heard testimony and received
documentary evidence of multiple such invocations.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for New Trial (Mass. R. Crim. P. 30(b))

Name and location of the court where the motion or petition was filed:   Hampshire Superior Court
Northampton, MA

Docket or case number (if you know):   HSCR2005-00025-28

Date of the court's decision:   06/28/2012

Result (attach a copy of the court's opinion or order, if available):    (attached)

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Supreme Judicial Court. Boston, MA

Docket or case number (if you know):    SJC-09919

Date of the court's decision:    04/08/2014

Result (attach a copy of the court's opinion or order, if available):    (attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**    Trial counsel rendered ineffective assistance when he failed to object to the prosecutor's insinuation that Johnston's early consultation with counsel indicated a false "constructed" defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Hours after the shooting, Johnston called his parents saying he had a gun to his head. They went to his called his psychiatrist and then a family attorney who called a mental health crisis center and the police. Trial counsel then began developing an insanity defense within days. The prosecutor's opening suggested to the jury that Johnston's defense was concocted because Johnston and his family consulted attorneys. In response, defense counsel told the Court that he had to call the family attorney to testify because he had to respond to the prosecutor's opening. But he registered no objection. The prosecutor argued in closing that that Johnston's that Johnston's insanity defense was concocted after he was charged, and necessarily after consulting counsel.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**    Ineffective assistance for failing to understand and in fact eliciting the prosecution expert's

erroneous conclusion that Johnston was "moon faced" from anabolic steroid use.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel asked the prosecution expert Welner why he described Johnston as "moon-faced" in his report.

He was attempting to demonstrate that Welner was personally demeaning Johnston. Welner, represented to the

jury as a psychopharmacologist, responded that a "moon-face"  is a round face developed by "especially heavy

steroid users." Counsel did not expect the above answer from Dr. Welner. Had counsel investigated, he would

have learned that Welner's testimony was false. Anabolic steroids do not cause moon face. Only glucocorticoid

steroids like Prednisone do.

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)       **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)       **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for New Trial (Mass. R. Crim. P. 30(b))

Name and location of the court where the motion or petition was filed:   Hampshire Superior Court

Northampton, MA

Docket or case number (if you know):   HSCR2005-00025-28

Date of the court's decision:   06/28/2012

Result (attach a copy of the court's opinion or order, if available):   (attached)


(3) Did you receive a hearing on your motion or petition?                                       ☑ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                                ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Judicial Court. Boston, MA


Docket or case number (if you know):   SJC-09919

Date of the court's decision:   04/08/2014

Result (attach a copy of the court's opinion or order, if available):   (attached)


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?     ☑ Yes     ❏  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        No _____

        _____

        _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?         ❏    Yes     ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?         ☑ Yes     ❏  No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.         Hampshire Superior Court. HSCR2005-00025-28. Motion for Reduction in Verdict (Mass. R.

    Crim. P. 25(b)). The verdict was against the weight of the evidence. _____

    _____

    _____

    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Alexander Z. Nappan, 278 Main Street, Suite 205 Greenfield, MA 01301

(b) At arraignment and plea: Alexander Z. Nappan

(c) At trial: Alexander Z. Nappan

(d) At sentencing: Alexander Z. Nappan

(e) On appeal: David J. Nathanson, Wood & Nathanson, LLP, 227 Lewis Wharf, Boston, MA 02110

(f) In any post-conviction proceeding: David J. Nathanson

(g) On appeal from any ruling against you in a post-conviction proceeding: David J. Nathanson

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Supreme Judicial Court issued its decision on April 8, 2014. Therefore, the conviction became final on direct review when the time for seeking certiorari ran out 90 days later or July 7, 2014.

Clay v. United States, 537 U.S 522, 525 (2003). Therefore, this petition is filed less than one year after the conviction became final on direct review.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Release him from the custody of the Respondent.

or any other relief to which petitioner may be entitled.

/s/ David J. Nathanson

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____06/15/2015_____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.