UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
BRYAN JOHNSTON,                         )
                                        )
          Petitioner,                   )
                                        )
v.                                      )          Civil Action No. 15-12332-JCB
                                        )
LISA A. MITCHELL,                       )
          Respondent.                   )
_____ )

## <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States

District Courts and the Court's electronic order dated June 15, 2015, Respondent Lisa A.

Mitchell hereby answers the numbered paragraphs of Bryan Johnston's petition for writ of

habeas corpus as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      (a)     Admitted.

        (b)     Paragraph 6(b) contains no allegations, and therefore no response is

                required.

        (c)     Admitted.

7.      Admitted.

8.      Admitted.

9.    (a)    Admitted.

       (b)    Admitted.

       (c)    Admitted.

       (d)    Admitted.

       (e)    Admitted.

       (f)    With respect to the grounds raised in the petitioner's brief(s) to the Massachusetts Supreme Judicial Court, Respondent states that the brief(s) are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

       (g)    Admitted.

       (h)    Admitted.

10.    Admitted.

11.    (a)    (1)    Admitted.

             (2)    Admitted.

             (3)    Admitted.

             (4)    Admitted.

             (5)    With respect to the grounds raised in the petitioner's motion for new trial, Respondent states that the motion and supporting documents are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

             (6)    Admitted.

(7)     Admitted.

(8)     Admitted.

(b)     (1)     Admitted.

(2)     Admitted.

(3)     Admitted.

(4)     Admitted.

(5)      With respect to the grounds raised in the petitioner's Motion for a

Reduction in Verdict, Respondent states that the motion and supporting

documents are contained in Respondent's Supplemental Answer dated

September 11, 2015, which is incorporated herein, and the documents

speak for themselves.

(6)     Admitted.

(7)-(8) Denied. Petitioner's motion was denied by the Hampshire Superior

Court on 06/17/05.

(c)     Paragraph 11(c) contains no allegations, and therefore no response is

required.

(d)     Admitted.

(e)     Denied.  Petitioner's Motion for a Reduction in Verdict was denied by the

Hampshire Superior Court on 06/17/15.

12. **<u>GROUND ONE</u>:** Ineffective assistance in failing to move to suppress Johnston's
                    post-Miranda responses to questioning at the jail and at
                    Bridgewater State Hospital.

(a)     Subparagraph (a) of Ground One of paragraph 12 contains allegations

stating conclusions of law to which no response is required.  To the extent

that a response is required, Respondent denies such allegations. To the
extent that the subparagraph contains allegations of fact, Respondent states
that the state court legal record speaks for itself. Further answering,
Respondent denies each and every allegation of fact that does not comport
exactly with the state court record and with the facts found by the
Massachusetts Supreme Judicial Court in *Commonwealth v. Johnston,* 467
Mass. 674 (2014).

(b)     Subparagraph (b) of Ground One of paragraph 12 contains allegations
stating conclusions of law to which no response is required. To the extent
that a response is required, Respondent denies such allegations. To the
extent that the subparagraph contains allegations of fact, Respondent states
that the state court legal record speaks for itself.

(c)(1)  With respect to the grounds raised in the petitioner's direct appeal,
Respondent states that the briefs are contained in Respondent's
Supplemental Answer dated September 11, 2015, which is incorporated
herein, and the documents speak for themselves.

(c)(2)  This paragraph contains no allegations, and therefore no response is
required.

(d)(1)   With respect to the grounds raised in the petitioner's motion for new trial
in the Superior Court, Respondent states that the motion and supporting
documents are contained in Respondent's Supplemental Answer dated
September 11, 2015, which is incorporated herein, and the documents
speak for themselves.

4

(d)(2)  Admitted.

(d)(3)  Respondent is without knowledge or information sufficient to form a

belief as to the allegation contained in this paragraph.

(d)(4)  Admitted.

(d)(5)   With respect to the grounds raised in the petitioner's brief(s) to the

Massachusetts Supreme Judicial Court, Respondent states that the brief(s)

are contained in Respondent's Supplemental Answer, dated September 11,

2015, which is incorporated herein, and the documents speak for

themselves..

(d)(6)  Admitted.

(d)(7)  This paragraph contains no allegations, and therefore no response is

required.

(e)     This paragraph contains no allegations, and therefore no response is

required.

**GROUND TWO:**     Ineffective assistance in failing to move to exclude
                    references to Johnston's invocations of his rights to silence
                    and to counsel.

(a)     Subparagraph (a) of Ground Two of paragraph 12 contains allegations

stating conclusions of law to which no response is required.  To the extent

that a response is required, Respondent denies such allegations.  To the

extent that the subparagraph contains allegations of fact, Respondent states

that the state court legal record speaks for itself.  Further answering,

Respondent denies each and every allegation of fact that does not comport

exactly with the state court record and with the facts found by the

Massachusetts Supreme Judicial Court in *Commonwealth v. Johnston,* 467 Mass. 674 (2014).

(b)    This paragraph contains no allegations, and therefore no response is required.

(c)(1)    With respect to the grounds raised in the petitioner's direct appeal, Respondent states that the briefs are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

(c)(2)    This paragraph contains no allegations, and therefore no response is required.

(d)(1)    With respect to the grounds raised in the petitioner's motion for new trial, Respondent states that the motion and supporting documents are contained in Respondent's Supplemental Answer, dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

(d)(2)    Admitted.

(d)(3)    Respondent is without knowledge or information sufficient to form a belief as to the allegation contained in this paragraph.

(d)(4)    Admitted.

(d)(5)    This paragraph contains no allegations, and therefore no response is required.

(d)(6)    Admitted.

(d)(7)    This paragraph contains no allegations, and therefore no response is required.

(e)     This paragraph contains no allegations, and therefore no response is
        required.

**<u>GROUND THREE</u>:**  Trial counsel rendered ineffective assistance when he failed
                        to object to the prosecutor's insinuation that Johnston's
                        early consultation with counsel indicated a false
                        "constructed" defense**.**

(a)     Subparagraph (a) of Ground Three of paragraph 12 contains allegations

        stating conclusions of law to which no response is required.  To the extent

        that a response is required, Respondent denies such allegations.  To the

        extent that the subparagraph contains allegations of fact, Respondent states

        that the state court legal record speaks for itself.  Further answering,

        Respondent denies each and every allegation of fact that does not comport

        exactly with the state court record and with the facts found by the

        Massachusetts Supreme Judicial Court in *Commonwealth v. Johnston,* 467

        Mass. 674 (2014).

(b)     This paragraph contains no allegations, and therefore no response is

        required.

(c)(1)   With respect to the grounds raised in the petitioner's appeal, Respondent

        states that the briefs are contained in Respondent's Supplemental Answer

        dated September 11, 2015, which is incorporated herein, and the

        documents speak for themselves.

(c)(2)  This paragraph contains no allegations, and therefore no response is

        required.

(d)(1)  Admitted.

(d)(2)-(7) These subparagraphs contain no allegations, and therefore no response is required.

(e)     This paragraph contains no allegations, and therefore no response is required.

**GROUND FOUR:**    Ineffective assistance for failing to understand and in fact eliciting the prosecution expert's erroneous conclusion that Johnston was "moon faced" from anabolic steroid use.

(a)     Subparagraph (a) of Ground Four of paragraph 12 contains allegations stating conclusions of law to which no response is required. To the extent that a response is required, Respondent denies such allegations. To the extent that the subparagraph contains allegations of fact, Respondent states that the state court legal record speaks for itself. Further answering, Respondent denies each and every allegation of fact that does not comport exactly with the state court record and with the facts found by the Massachusetts Supreme Judicial Court in *Commonwealth v. Johnston,* 467 Mass. 674 (2014).

(b)     This paragraph contains no allegations, and therefore no response is required.

(c)(1)   With respect to the grounds raised in the petitioner's direct appeal, Respondent states that the briefs are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

(c)(2)  This paragraph contains no allegations, and therefore no response is required.

(d)(1)   With respect to the grounds raised in the petitioner's motion for new trial, Respondent states that the motion and supporting documents are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

(d)(2)   Admitted.

(d)(3)   Respondent is without knowledge or information sufficient to form a belief as to the allegation contained in this paragraph.

(d)(4)   Admitted.

(d)(5)   With respect to the grounds raised in the petitioner's motion for new trial Respondent states that the motion and supporting documents are contained in Respondent's Supplemental Answer dated September 11, 2015, which is incorporated herein, and the documents speak for themselves.

(d)(6)   Admitted.

(d)(7)   This paragraph contains no allegations, and therefore no response is required.

(e)      This paragraph contains no allegations, and therefore no response is required.

13.      (a)      This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Respondent denies the allegations therein.

         (b)      This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Respondent denies the allegations therein.

9

14.     Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14.

15.     Denied.  The Hampshire Superior Court denied the Motion for Reduction in Verdict on 06/17/15.

16.     Admitted.

17.     Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17.

18.     Admitted.


Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent states that Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below.  The information and/or materials required by Rule 5(c)-(d) and the Court's Order dated June 15, 2015 are contained in Respondent's Supplemental Answer, filed manually pursuant to Local Rule 5.4(g)(1)(e).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The petition should be denied because Petitioner is not in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

### Third Affirmative Defense

The petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

## Fourth Affirmative Defense

The petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  *See* 28 U.S.C. § 2254(d)(2).

## Fifth Affirmative Defense

The petition should be denied because Petitioner cannot rebut the presumption of correctness accorded to the state court's factual determination underlying his purportedly federal constitutional claims.  *See* 28 U.S.C. § 2254(e)(1).

## Sixth Affirmative Defense

The petition should be denied to the extent that the decision of the state court rests on a state-law ground which is independent of the federal question(s) Petitioner raises and adequate to support the judgment, including but not limited to, any procedural defaults.

## Seventh Affirmative Defense

The petition should be denied to the extent that Petitioner's grounds for relief are premised solely on matters of state law.

## Eighth Affirmative Defense

The petition should be denied because Petitioner failed to exhaust his state-court remedies on all of his federal claims before seeking habeas relief pursuant to 28 U.S.C. § 2254(b).

## Ninth Affirmative Defense

The petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

## Tenth Affirmative Defense

The petition should be denied because, even if any constitutional error did occur in connection with Petitioner's state prosecution, it was harmless.

Respondent respectfully reserves the right to amend or supplement this Answer and the Supplemental Answer in the future should the need arise.

Respectfully submitted,

Lisa A. Mitchell

By her attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Jennifer K. Zalnasky
Jennifer K. Zalnasky (BBO No. 650762)
Assistant Attorney General
Office of the Attorney General
Criminal Bureau
1350 Main Street, 4th Floor
Springfield, MA 01103-1629
413-523-7746
jennifer.zalnasky@state.ma.us

Dated: September 11, 2015

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2015 this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  There are no non-registered participants involved in this case.


                          */s/ Jennifer K. Zalnasky*
                          Jennifer K. Zalnasky, BBO No. 650762